IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**TERESA BUCK**

                  **PLAINTIFF**

v.        Case No. 06-6034

**VICKIE GRIFFITH and
ST. JOSEPH'S MERCY HEALTH CENTER**

                  **DEFENDANTS**

## ORDER

  Currently before the Court is Plaintiff's First Motion in Limine (Doc. 14) and supporting documents (Doc. 15), and Defendants' Response to Plaintiff's First Motion in Limine (Doc. 18) and supporting documents. (Docs. 17 and 16). For the reasons set forth herein, Plaintiff's motion is GRANTED.

  Plaintiff contends pursuant to the Fair Labor Standards Act, found at 29 U.S.C.A. §§ 201-219, she is entitled to lost wages and lost fringe benefits. Plaintiff's complaint states Defendants regularly required Plaintiff to work more than forty hours per week and work when "off the clock." Plaintiff also contends she lawfully participated in a survey and asserted her rights to overtime pay and as a result was suspended by Defendants.

  Plaintiff seeks to exclude any evidence regarding her work performance after she left Defendants' employment. Plaintiff argues such evidence is not relevant, and even if it has some probative value, pursuant to Rule 403, such evidence is prejudicial and any probative value is outweighed by its prejudice and likelihood of confusion.

  Defendants state Plaintiff was suspended and subsequently terminated in part because of

1

her documentation and productivity problems. Defendants contend Plaintiff's work performance records at her current employer are relevant as Plaintiff is having similar performance problems in the same type of job she had with Defendants.  Defendants argue this supports their decision to suspend and terminate Plaintiff.

Relevant evidence "means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed.R.Evid. 401.  Fed.R.Evid. 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

"Evidence is unfairly prejudicial in the Rule 403 sense not simply because it hurts a party's case; rather, evidence is unfairly prejudicial when it would influence the jury to decide the case on an improper basis. *See* Fed.R.Evid. 403 advisory committee note ("Unfair prejudice . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.")." *Cummings v. Malone*, 995 F.2d 817, 825 (1993).

Evidence of Plaintiff's work performance at her current employer is not relevant to any fact of consequence to the determination of the action that is before this Court and should be excluded.  Plaintiff's complaint seeks compensation for time she alleges she was required to work for Defendants without compensation.  Her performance evaluations from a subsequent position with a different employer are not relevant.

Even if Plaintiff's work performance had any relevancy, it should be excluded as its probative value is substantially outweighed by the danger of unfair prejudice,  confusion of the

2

issues and misleading the jury. The issue before the Court is whether Plaintiff was required to work overtime and off the clock without compensation for Defendants. Evidence of Plaintiff's subsequent work performance at a different employer would influence the jury to decide this case on an improper basis and consider issues unfairly prejudicial to Plaintiff.

      Based upon the foregoing, Plaintiff's first motion in limine is GRANTED.

It is so ordered this 22nd day of June, 2007.

                              */s/Robert T. Dawson*
                              Robert T. Dawson
                              United States District Judge

AO72A
(Rev. 8/82)