IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TERESA BUCK                                                                                          PLAINTIFF

v.                                             Case No. 6:06-cv-6034

VICKIE GRIFFIN, and                                                                              DEFENDANTS
ST. JOSEPH'S MERCY
HEALTH CENTER

# ORDER

Pending before the Court is Plaintiff's Motion to Quash Subpoena and Stay Response to Subpoena (Doc. No. 39)[1] and Plaintiff's Supplement to Motion to Quash Subpoena (Doc. No. 46). The Defendants have responded and counsel for all parties appeared for argument *via* a telephone conference on November 29, 2007. The Court has reviewed the Plaintiff's Quash Subpoena and Stay Response to Subpoena and Supplement to Motion to Quash Subpoena, the response of the Defendants, the attachments to the pleadings and the argument of Counsel. The Court finds as follows:

**1. Background**

This case involves claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, arising from Plaintiff's prior employment with the Defendant, St. Joseph's Mercy Health Center (hereinafter "St. Joseph's"). Plaintiff was terminated by St. Joseph's on April 12, 2006. She filed the original Complaint in this action on June 27, 2006, alleging violation of the FLSA. On October

---

[1] References to pleadings or orders will be made to the docket number of the document, "Doc. No. __."

22, 2007, Plaintiff filed her Amended Complaint, which specifically pled a claim for retaliatory discharge under the FLSA in addition to the original claims of failure to pay for overtime work performed.  Following her discharge by St. Joseph's, Plaintiff has been employed in a similar job at the National Park Medical Center in Hots Springs Arkansas.

The parties have engaged in discovery and Plaintiff executed a release in favor of Defendants allowing them to obtain her current employment records.   Using that release Defendants discovered that Plaintiff's first employment evaluation with the National Park Medical Center, which according to Defendants "indicated a continuing pattern of problems with documentation and productivity." Defendants assert these alleged problems are the same problems which lead to her termination from employment with Defendant St. Joseph's Mercy Medical Center.

On May 18, 2007, Plaintiff filed a Motion in *Limine* (Doc. No. 14) seeking to preclude the use at trial of evidence, including testimony, of her work performance at the National Park Medical Center.   On June 22, 2007, United States District Judge Robert Dawson, granted the Motion in *Limine* and held:

> Evidence of Plaintiff's work performance at her current employer is not relevant to any fact of consequence to the determination of the action that is before this Court and should be excluded. *Plaintiff's complaint seeks compensation for time she alleges she was required to work for Defendants without compensation. Her performance evaluations from a subsequent position with a different employer are not relevant.*

*See* Order (Doc. No. 20, p. 2)(emphasis added).

Plaintiff's Amended Complaint was filed on October 22, 2007, essentially clarifying that Plaintiff allegations included a claim of retaliatory discharge under the FLSA. On October 25, 2007, Defendants's counsel issued a subpoena *duces tecum* to the National Park Medical Center, seeking

production of all documents regarding Plaintiff's employment for the time period of April 1, 2007, through the date of the response to the subpoena.[2]  On November 8, 2007, Plaintiff filed the instant Motion to Quash Subpoena and Motion for Stay, claiming that the Court's grant of the Motion in *Limine* excluded "any information concerning Plaintiff's current employment as it might relate to the issues currently before this Court."  The Defendant's respond that, for purposes of discovery, relevancy is to be broadly construed by the Court and that the Amended Complaint raised for the first time the issue of retaliatory discharge, thereby expanding the scope of permissible discovery.

2. **Discussion**

Discovery in civil cases in federal court is generally governed by Federal Rule of Civil Procedure Rule 26.  Rule 26 provides in pertinent part:

> **(b) Discovery Scope and Limits**.
>
> **(1) Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. *Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.* (emphasis added).

In this case Defendant seeks to discover all current employment records from Plaintiff's current employer.  Plaintiff, through the Motion to Quash, objects to the production of any current

---

[2] This October 25, 2007, subpoena was essentially identical to an earlier subpoena issued by Defendant on April 9, 2007, and sought to obtain updated information from the National Park Medical Center.

-3-

employment records.[3]  Plaintiff previously provided a written authorization to the Defendants to allow discovery of Plaintiff's employment records and Defendants in fact obtained such records from the National Park Medical Center though April 2007.   Defendants now seek updated records.

The records sought here are certainly "reasonably calculated to lead to the discovery of admissible evidence."  There may be materials contained in the updated employment records of Plaintiff that are either themselves relevant and admissible at the trial of this case or that lead to the discovery of admissible evidence. For example, Plaintiff claims lost wages and other benefits. Defendant is entitled to discover Plaintiff's current wages and benefits in order to properly defend against a claim of lost wages.

Judge Dawson's Order granting the Motion in *Limine* held only that Plaintiff's "*performance evaluations* from a subsequent position with a different employer are not relevant."  This Order operates to prevent introduction at trial of job performance evaluations from Plaintiff's current employer.   The Order in *Limine* did not address or find that such information is not discoverable pursuant to Rule 26.   Further, the Order in *Limine* does not address information other than performance evaluations which may be contained in Plaintiff's current employment records. Plaintiff's assertion that the Order in *Limine* extends to "any information" contained in her current employment record is simply not accurate.

Plaintiff has now specifically alleged retaliatory discharge in addition to her original FLSA claims.  Defendant seeks new or updated information which may be contained in the Plaintiff's

---

[3] The Court notes that during the telephone conference with counsel on November 29, 2007, Plaintiff's counsel acknowledged that only her performance evaluations were at issue in this Motion To Quash.

current employment file including new or additional performance evaluations. Such information is clearly within the scope of Rule 26 for discovery purposes as it may be admissible or lead to the discovery of admissible evidence. Further, if after this discovery is complete, Plaintiff believes any newly discovered information inadmissible for some reason she can move to exclude that evidence prior to trial, just as she did with the prior performance evaluations.

**IT IS THEREFORE ORDERED** Plaintiff's Motion to Quash Subpoena and Stay Response to Subpoena (Doc. No. 39) and Plaintiff's Supplement to Motion to Quash Subpoena (Doc. No. 46) are hereby **DENIED**. This Order shall not be construed to restrict the right of Plaintiff to seek to exclude the admission at trial of any newly discovered evidence.

**DATED** this **7th$^{th}$ day of December 2007.**

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
U.S. MAGISTRATE JUDGE